SILAS MAY, Appellant, *v.* JOHN D. BUNCH *et al.*, Respondents.

1. *Supreme Court — District Court — Act of February 18, 1871 — Failure to appeal.*— Under the act of February 15, 1871 (Sess. Acts 1871, p. 16), where appellant had been, on the 8th of November, 1870, entitled to an appeal from the District to the Supreme Court, but had failed to perfect his appeal, respondent would not for that reason be entitled to an affirmance.

*Appeal from Barry Circuit Court.*

*N.* Bray, for respondents.

BLISS, Judge, delivered the opinion of the court.

The plaintiff appealed from a judgment of the Circuit Court of Barry county to the District Court as then constituted, and before judgment was entered upon the appeal, the constitutional amendment was adopted abolishing said District Court.   By the act of February 15, 1871 (Sess. Acts 1871, p. 16, § 1), jurisdic- tion is given to this court to hear and determine all cases which had been determined in said District Court, and from which a writ of

error might have been taken, all cases pending and undetermined, and all cases which had been taken by appeal or writ of error to said court before or after the adoption of the amendment, and where the transcripts had not been sent up.

Sections 2 and 3 provide that the district clerks shall send to the proper clerks of the Supreme Court all the records, papers, etc., belonging to said District Courts ; and also that the clerks of courts of original jurisdiction shall send to said clerks of the Supreme Court the records and proceedings which would have been certified to the clerks of the District Courts, had the courts not been abolished. Section 4 provides that any party who on the 8th of November, 1870, was entitled to sue out a writ of error in any cases mentioned in the act, may have such case docketed and tried at the next term of the Supreme Court, upon giving the adverse party or his attorney twenty days' notice. Section 6 provides that when a *supersedeas* has been awarded, the appellant shall be required to file in the Supreme Court a new bond, or execution may issue below.

In pursuance of this act the transcript in the present case was sent up to the clerk of the Supreme Court, and if the appellant desired a hearing he should have given the notice required by section 4. But no such notice was given, and he seems to have abandoned his appeal. The defendants (appellees) thereupon bring up a transcript, and ask for a judgment of affirmance in this court, as in cases where the appeal fails to be prosecuted.

The defendants are not entitled to such judgment. The case was not appealed to this court, nor has the plaintiff taken any steps to bring it here. He has appealed to the District Court, but that court was abolished, and the law only gave him an opportunity, if he desired to do so, of carrying his appeal into this court. It does not require it of him, nor did he engage to do it. He cannot, therefore, be said to have failed to prosecute the appeal which he took.

The motion is urged on the ground that the judgment below is tied up, and that it cannot be enforced without an affirmance. But this is not so. The abolition merely of the District Courts would leave the judgments as it found them. Those that had

been affirmed or reversed would so remain, while the original judgments in the pending causes would be undisturbed; and unless some other provision was made in regard to them, they would remain as though not appealed from. The appeal to the District Court is dead, and, but for the provisions of the fourth section of the above act, they could only be brought into the Supreme Court by a new proceeding; and even if docketed in this court under that section, the original judgment, as we have seen, may be enforced unless a new bond is given.

Respondents or defendants in error cannot say that they are unadvised as to whether the cause is brought into this court, and therefore do not know whether to sue out execution below; for, as we have seen, the statute expressly provides for notice, and without it they may treat the original judgment as never having been appealed from.

The other judges concurring, the motion will be overruled.